IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GERSON ALCANTARO,

                        Petitioner,

      vs.

STATE OF NEBRASKA,

                        Respondent.

**8:20CV501**

**MEMORANDUM AND ORDER**

This matter is before the court on preliminary review of Petitioner Gerson Alcantara's[1] Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. The court must conduct an initial review of Alcantara's petition to determine whether his claims are potentially cognizable in federal court. A habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Here, Alcantara used the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. However, Alcantara did not fill out the form completely. Alcantara completed portions of the form identifying the judgment he challenges, but he left blank the portions for alleging the grounds on which he seeks federal habeas relief. Alcantara's petition is, thus, insufficient, and the court will not act upon it.  On the court's own motion, Alcantara will have 30 days in which to file an amended petition for writ of habeas corpus. The court will direct the clerk of the court to send to Alcantara the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody.

---

[1] The docket sheet incorrectly lists Petitioner's last name as "Alcantaro." The court will use the correct spelling of "Alcantara" and will direct the clerk's office to correct the caption to reflect the correct spelling.

The court is aware from Alcantara's petition and a letter he submitted to the court that he speaks Spanish and does not understand English well. (*See, e.g.*, Filing 1 at CM/ECF p. 1; Filing 7 at CM/ECF p. 2; Filing 7-1 at CM/ECF p. 1.) However, Alcantara previously submitted a letter to the court that was written in English, though perhaps not by Alcantara himself based on the handwriting, and which the court returned to him as the court could not ascertain what he was requesting and he did not have a pending case. (*See* Filing 1 at CM/ECF p. 16–17; Filing 101, Case No. 4:20PS3000.) Thus, it appears, at the very least, Alcantara is able to receive some assistance in his institution either from a legal aide or an inmate that speaks both Spanish and English, and Alcantara is encouraged to seek such assistance or the assistance of his case worker in completing an amended habeas petition that clearly sets forth his grounds for relief. If Alcantara is unable to obtain assistance in completing his amended petition, then he should inform the court.

In amending his petition, Alcantara must also name a proper respondent. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Alcantara failed to name any respondent and the court supplied the State of Nebraska as a placeholder given Alcantara's Nebraska conviction. Because public records show that Alcantara is in the custody of the Nebraska Department of Correctional Services ("NDCS"),[2] it appears Scott R. Frakes, Director of the NDCS, would be the proper respondent.

---

[2] *See* Nebraska Department of Correctional Services Inmate Information Locator, https://dcs-inmatesearch.ne.gov/Corrections/COR_input.html.

IT IS THEREFORE ORDERED that:

1.     The pending Petition (filing 1) is deemed insufficient and the court will not act upon it.

2.     By **April 7, 2021**, Petitioner shall file an amended petition for writ of habeas corpus that clearly sets forth all his grounds for relief and names a proper respondent. Petitioner is encouraged to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the clerk of the court for filing in this case must clearly display the case number (8:20CV501). Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

3.     The clerk of the court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

4.     The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **April 7, 2021**: Check for amended petition.

5.     The clerk of the court is directed to update the caption and correct the spelling of Petitioner's last name to "Alcantara."

Dated this 8th day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge