IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GERSON ALCANTARA,<br><br>                      Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>                      Respondent. | 8:20CV501<br><br>MEMORANDUM AND ORDER |

      This matter is before me on Respondent's Motion for Summary Judgment. (Filing 14.) Respondent filed the relevant state court records (filing 15) and a brief in support (filing 16). Petitioner Gerson Alcantara did not file a brief in opposition to Respondent's Motion for Summary Judgment, and this matter is, thus, fully submitted for decision. (*See* Filing 17.) Respondent contends that the claims set forth in Alcantara's Amended Petition for Writ of Habeas Corpus (filing 9) are procedurally defaulted. I agree and will dismiss the petition with prejudice.

## I. FACTS

      1.     On April 25, 2019, the State charged Alcantara with one count of first degree sexual assault of a child, a Class IB felony, and two counts of third degree sexual assault of a child, a Class IIIA felony. (Filing 15-3 at CM/ECF pp. 2–3.) The charges were for conduct that occurred on or about March 20, 2016, through March 18, 2019. (*Id*.)

      2.     As part of a plea agreement, the State filed an amended information in which the first degree sexual assault charge was amended to attempted first degree sexual assault of a child, a Class II felony. (Filing 15-3 at CM/ECF pp. 5–6; Filing 15-5 at CM/ECF p. 1.) The third degree sexual assault charges remained the same. (*Id*.) In exchange, Alcantara pleaded no contest to the amended information. (*Id*.)

3. Following a colloquy, the state district court accepted Alcantara's no contest pleas and found him guilty of the crimes charged in the amended information. (Filing 15-3 at CM/ECF p. 7; Filing 15-5 at CM/ECF p. 2.)

4. The state district court subsequently sentenced Alcantara to 40 to 46 years' imprisonment on the attempted first degree sexual assault charge and 2 to 3 years' imprisonment on each of the third degree sexual assault charges, with all of the sentences to be served consecutively. (Filing 15-3 at CM/ECF pp. 11–13; Filing 15-5 at CM/ECF p. 2.)

5. Alcantara timely appealed his convictions and sentences on January 29, 2020. (Filing 15-2 at CM/ECF p. 2; Filing 15-3 at CM/ECF p. 14.) Alcantara's trial counsel was permitted to withdraw, and Alcantara was represented by different counsel on appeal. (Filing 15-3 at CM/ECF pp. 20, 25–28.)

6. On appeal, Alcantara assigned as error that the sentences imposed were excessive and that he received ineffective assistance of counsel because his trial counsel (1) failed to review vital discovery with Alcantara prior to his decision to plead no contest, (2) provided him with English language legal documents despite knowing that he could not understand the English language, and (3) impermissibly promised him that he would receive no more than 10 years' imprisonment in exchange for pleading no contest to the amended information. (Filing 15-4 at CM/ECF p. 6; Filing 15-5 at CM/ECF pp. 2– 3.) Alcantara further assigned that the cumulative effect of all the errors showed trial counsel's performance was so deficient that it denied him the effective assistance of counsel. (*Id.*)

7. In a memorandum opinion filed July 7, 2020, the Nebraska Court of Appeals rejected Alcantara's arguments on the merits and affirmed his convictions and sentences. (Filing 15-5.) Alcantara did not file a petition for further review,

and on August 11, 2020, the Nebraska Court of Appeals issued its mandate. (Filing 15-2 at CM/ECF p. 4; *see also* Filing 9 at CM/ECF p. 2.)

8. Alcantara did not file a motion for postconviction relief in the state district court. (Filing 15-1 at CM/ECF p. 4; *see also* Filing 9 at CM/ECF pp. 3–4.).

9. On December 7, 2020, Alcantara filed his habeas petition in this court. (Filing 1.) Alcantara filed his amended habeas petition (filing 9) on March 17, 2021, after the court determined his original petition was insufficient as it failed to clearly set forth the grounds on which he sought federal habeas relief. (*See* Filing 8.)

## II. ANALYSIS

Summarized and condensed,[1] and as set forth in the court's prior progression order (filing 10), Alcantara claims he received ineffective assistance of counsel because his trial counsel: (1) improperly advised Alcantara to plead guilty instead of going to trial and (2) lied to Alcantara and told him that he would receive a lenient sentence in exchange for pleading guilty. Respondent contends that Alcantara's claims are procedurally defaulted and that his amended petition must be dismissed. I agree.

I begin with a brief recitation of the law regarding exhaustion and procedural default. I then apply the law to the facts.

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

---

[1] Alcantara did not object to the court's summary and condensation.

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents

federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts, including in a petition for further review to the Nebraska Supreme Court, and the claim is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n.1.

To be precise, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue [2016]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights," however, "the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009). "It is well established that a petition for postconviction relief may not be used to obtain review of issues that were or could have been reviewed on direct appeal. Any attempts to raise issues at the postconviction stage that were or could have been raised on direct appeal are procedurally barred." *State v. Dubray*, 885 N.W.2d 540, 552 (Neb. 2016). Furthermore, in 2011, the Nebraska Legislature created a one–year time limit for filing a verified motion for postconviction relief. *See* Neb. Rev. Stat. § 29–3001(4); *State v. Smith*, 834 N.W.2d 799, 801 (Neb. 2013).

Applying the foregoing principles here, it is apparent that Alcantara's federal claims are procedurally defaulted. To the extent Alcantara is reasserting claims that he presented to the Nebraska Court of Appeals, those claims have not been

presented through a complete round of Nebraska's appellate process because Alcantara did not file a petition for further review to the Nebraska Supreme Court, the time for filing a petition for further review has expired, *see* Neb. Ct. R. App. P. § 2-102(F)(1), and Alcantara cannot raise the claims now in a postconviction motion, *see Dubray*, *supra*. Moreover, to the extent Alcantara is asserting ineffective assistance of counsel claims different from those that he raised before the Nebraska Court of Appeals, those claims are procedurally defaulted because he did not raise the claims on direct appeal, *see State v. Filholm*, 287 Neb. 763, 767, 848 N.W.2d 571, 576 (Neb. 2014) ("When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred."), and he cannot raise those claims now in a postconviction motion, *see Dubray*, *supra*.

Alcantara has not demonstrated any cause or prejudice to excuse the procedural default of his claims, nor has he demonstrated that the court's failure to consider his defaulted claims will result in a fundamental miscarriage of justice. Alcantara generally alleges in his amended petition that he is "in[n]ocent" and "didn't [do] what they said [he] did." (Filing 9 at CM/ECF p. 6.) However, to establish a fundamental miscarriage of justice, a petitioner must "show[], based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, (1995)). Alcantara has presented no new, reliable evidence of actual innocence in this case. Thus, the court finds Alcantara has not satisfied the requisite elements to excuse his procedurally defaulted claims through any "gateway" claim of actual innocence.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28

U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The court has applied the appropriate standard and determined that Alcantara is not entitled to a certificate of appealability.

IT IS THERFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing 14) is granted.

2. The Amended Petition for Writ of Habeas Corpus (filing 9) is denied and dismissed with prejudice.

3. No certificate of appealability has been or will be issued.

4. Judgment will be issued by separate document.

Dated this 30th day of November, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge