IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GERSON ALCANTARA, | |
| Petitioner, | 8:20CV501 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on correspondence (filings 20 & 21) from Petitioner Gerson Alcantara, which the court liberally construes as motions for reconsideration. Whether the court treats Alcantara's motions as either Rule 59(e) motions to alter or amend judgment or as Rule 60(b) motions for relief from judgment,[1] the motions fail. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988).

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiff's motions were timely filed on December 20 and 22, 2021. Consequently, the time for Alcantara to file an appeal from the dismissal of his Amended Habeas Petition runs from the date of this order disposing of his motions. *See* Fed. R. App. P. 4(a)(4).

>    (1) mistake, inadvertence, surprise, or excusable neglect;
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>    (4) the judgment is void;
>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

In his motions, Alcantara essentially expresses his lack of understanding regarding the court's November 30, 2021 Memorandum and Order (filing 18) and Judgment (filing 19) dismissing his Amended Petition for Writ of Habeas Corpus (filing 9) with prejudice, and he asks if the court can grant him any relief from his state sentence. The court cannot for the reasons stated in the November 30, 2021 Memorandum and Order.

After giving Alcantara's motions the most liberal construction, the court concludes Alcantara has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact, nor has he presented any "extraordinary circumstances" justifying relief. Thus, Alcantara has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e) or Rule 60(b).

IT IS THEREFORE ORDERED that: Petitioner's correspondence (filing 20; filing 21), construed as motions for reconsideration, are denied.

Dated this 27th day of January, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge